UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD HUA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| SCOTTSDALE INSURANCE | § | JURY TRIAL DEMANDED |
| COMPANY SUBSCRIBING TO | § | |
| POLICY NUMBER MLR837169101 | § | |
| AND AMERICAN SECURITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Edward Hua ("Hua" or "Plaintiff"), files this Original Complaint, complaining of defendants, Scottsdale Insurance Company Subscribing to Policy Number MLR837169101 ("Scottsdale") and American Security Insurance Company ("ASIC") (collectively "Defendants"), and respectfully shows the court the following:

**PARTIES**

1. Plaintiff Edward Hua is an individual who resides in Harris County, Texas and may be served with process on the undersigned counsel.

2. **Scottsdale** is an insurance company doing business in the State of Texas and subsidiary of Nationwide Mutual Insurance Company. Upon information and belief, service of process may be made upon Corporation Service Company, 50 West Broad Street Ste. 1330, Columbus Ohio, 43215.

3. **ASIC** is an insurance company doing business in the State of Texas and subsidiary of Assurant, Inc. Upon information and belief, service of process may be made upon Corporation Service Company, 251 Little Falls Drive, Wilmington Delaware, 19808.

## VENUE AND JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because this action concerns real property located in Harris County, Texas, and all or a substantial part of the events giving rise to the claim described herein occurred in Harris County, Texas. In particular, the insurance policy at issue and of which Plaintiff is a beneficiary was to be performed in Harris County, Texas and the losses under the policy (including payments to be made to Plaintiff under the policy) were required to be made in Harris County, Texas. Further, investigation, including communications to and from Defendants and Plaintiff (including telephone calls, mailings, and other communications to Plaintiff) occurred in Harris County, Texas.

## FACTUAL BACKGROUND

6. Edward Hua owns the residential property located at 904 Reinerman Street, Houston, Texas 77007 in Harris County (the "Property"). The Property is a single-family residence and Plaintiff's homestead.

7. On or about August 25 through 29, 2017, Hurricane Harvey hit the coast of Texas, causing severe damage to homes and businesses throughout the area, including the Property owned by Plaintiff. Specifically, the Property sustained structural and/or exterior damage and water intrusion caused interior damages to the Property. Plaintiff also sustained significant damage to his personal property, including, but not limited to furniture, electronics, equipment and inventory. Likewise, the severity of Hurricane Harvey caused Hua to vacate the Property for the duration of the storm and the damages sustained thereafter rendered the Property inaccessible or unlivable for several weeks.

8. As a result of the catastrophic damage caused by Hurricane Harvey,

Plaintiff immediately filed a claim with Defendants on August 30, 2017, for damages to Plaintiff's Property.

9.  Plaintiff asked that the Defendants cover the cost of repairs to the Property pursuant to the Policies, including but not limited to, repair and/or replacement of roofs and the repair of the exterior, structural, and interior water damages to the Property. Plaintiff also sought damages for his personal property losses incurred as a result of Hurricane Harvey.

10. On June 1, 2017, Governor Abbot signed House Bill 1774 into law as Section 542A of the Texas Insurance Code. This new law was sponsored by approximately sixty state representatives and senators and contains important consumer protections against a variety of unscrupulous practices. Section 542A.003 in particular requires detailed, comprehensive pre-suit notice that is intended to make the claims and litigation processes more transparent and potentially even avoid unnecessary lawsuits. Upon receiving notice, an insurer has a right to conduct an inspection, and even make an offer to avoid litigation. When utilized properly § 542A should assist consumers like Plaintiff to avoid protracted litigation over a clear claim.

11. In compliance with § 542A.003, Plaintiff gave its pre-suit notice on August 15, 2018. The pre-suit notice provided a comprehensive outline of Plaintiff's claims and damages, quantified its loss, and even offered to waive a formal claim for attorneys' fees if the contractual amounts were paid promptly.

12. Defendants did not bother to respond.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF TEXAS INSURANCE CODE § 541

13. Plaintiff realleges and incorporates by reference paragraphs 1 through 12, above, as if fully set forth herein.

14. Defendants failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

15. Defendants failed to adopt and implement reasonable standards for prompt investigation of the claim arising under its policy.

16. Defendants failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

17. Defendants refused to pay the claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

18. Defendants misrepresented the insurance policy under which it affords property coverage to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).  Defendants misrepresented the insurance policy to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

19. Defendants misrepresented the insurance policy under which it affords property coverage to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).  Defendants misrepresented the insurance policy to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

20. Defendants misrepresented the insurance policy under which it affords property coverage to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).  Defendants misrepresented

the insurance policy to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

21. Defendants knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

## COUNT II

### VIOLATIONS OF THE TEXAS INSURANCE CODE § 542

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21, above, as if fully set forth herein.

23. Defendants failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

24. Defendants failed to timely commence investigation of the claim or to request from Plaintiff any additional items, statements or forms that Defendants reasonably believed to be required from Plaintiff in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

25. Defendants failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Defendants in violation of Texas Insurance Code Section 542.056(a).

26. Defendants delayed payment of Plaintiff's claim in violation of Texas Insurance Code Section 542.058(a).

27. Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## COUNT III

### STATUTORY INTEREST

28.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27, above, as if fully set forth herein.

29.     Plaintiff makes a claim for statutory interest penalties along with reasonable attorney's fees for violation of Texas Insurance Code subchapter B pursuant to Texas Insurance Code § 542.060.

## COUNT IV

### BREACH OF CONTRACT

30.     Plaintiff realleges and incorporates by reference paragraphs 1 through 29, above, as if fully set forth herein.

31.     As outlined above, Defendants breached its contract with Plaintiff by refusing to pay for covered damages under the Policy.  As a result of Defendants breach, Plaintiff suffered legal damages.

## COUNT V

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

32.     Plaintiff realleges and incorporates by reference paragraphs 1 through 31, above, as if fully set forth herein.

33.     Defendants, as the property coverage insurer, had a non-delegable duty to deal fairly and in good faith with Plaintiff in the processing of the claim.  Defendants breached this duty by refusing to properly investigate and effectively denying insurance benefits.  Defendants knew or should have known that there was no reasonable basis for denying or delaying the required benefits.  As a result of Defendants breach of these legal duties, Plaintiff suffered legal damages

## COUNT VI

### PUNITIVE DAMAGES FOR BAD FAITH

34.     Plaintiff realleges and incorporates by reference paragraphs 1 through 33,

above, as if fully set forth herein.

35. Defendants acted fraudulently and with malice (as that term is legally defined) in denying and delaying Plaintiff's claim for benefits.  Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

## COUNT VII

### VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35, above, as if fully set forth herein.

37. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices.  Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA.  Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.  Defendants has also acted unconscionably, as that term is defined under the DTPA.

38. Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were producing cause of Plaintiff's damages.

### RESULTING LEGAL DAMAGES

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38, above, as if fully set forth herein.

40. Plaintiff is entitled to the actual damages resulting from the Defendants' violations of the law.  These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits including loss of the property and business; and the other actual damages permitted by law.  In addition, Plaintiff is entitled to exemplary damages.

41. As a result of Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

42. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

43. Defendants' knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

44. Plaintiff is entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

45. As a result of Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the jurisdictional limits of this Court.

46. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

47. Plaintiff is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, the Texas Insurance Code 542.060(a)-(c), the Tex. Bus & Commerce Code § 17.50 and Tex. Civ. Prac. & Rem. Code § 37.009.

### PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiff respectfully requests that Plaintiff have judgment against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Dated: August 26, 2019                    VILT AND ASSOCIATES, P.C.


By: __/s/ Robert C. Vilt_____
ROBERT C. VILT
Texas Bar Number 00788586
Email: clay@viltlaw.com
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Telephone:      713.840.7570
Facsimile:       713.877.1827

*Attorneys for Plaintiff*

## JURY DEMAND

*Edward Hua hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many.  The necessary jury fee has been paid.*